UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 5:08-226-JMH-CJS |
| v. ) | (Civil Action No. 5:10-7108-JMH- |
| ) | CJS) |
| LUIS E. LOPEZ, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Candace J. Smith [Record No. 292]. Defendant Luis E. Lopez brought this action, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence [Record No. 236]. In response, the Government filed a Motion to Dismiss [Record No. 242], to which Lopez filed a Response [Record No. 252]. This matter is now ripe for the Court's consideration.

The Magistrate Judge filed her Report and Recommendation on March 16, 2010, recommending that the Government's Motion to Dismiss should be granted, and denying Defendant's motion. The Report and Recommendation further advised Defendant Lopez that specific objections to same were due within fourteen days of the date of service of the Report and Recommendation or further appeal would be waived. Fourteen days have now expired, and Defendant Lopez has not filed objections or otherwise responded to the Report and Recommendations.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendation as its own.

Finally, the Court also considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court determines that no certificate should issue as Petitioner cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [Record No. 292] is **ACCEPTED** and **ADOPTED**;

(2) that the United States' Motion to Dismiss [Record No. 242] is **GRANTED**;

(3) that Defendant's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 236] is **DENIED**;

(4) Defendant's Motion for Discovery [Record No. 254] be denied as moot;

(5) Defendant's Motion for an Evidentiary Hearing [Record No. 254] be denied as moot;

(6) Defendant's Motion for Appointment of Counsel [Record No. 254] be denied as moot; and

(7) no certificate of appealability shall issue.

This is the 2nd day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge